**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re | Chapter 11 |
| FICO FINANCIAL CORPORATION | Case No. 8:21-bk-03853 |
| PARUSA INVESTMENT CORPORATION | Case No. 8:21-bk-03854 |
| Debtors_____/ | *Joint Administration Pending* |

**NOTICE OF FILING**
**DECLARATION OF CHRISTOPHE ROTHPLETZ**
**IN SUPPORT OF DEBTORS' CHAPTER 11 PETITIONS AND FIRST DAY MOTIONS**

Parusa Investment Corporation ("**Parusa**") and FICO Financial Corporation ("**FICO**") ("**Debtors**") hereby give notice of filing the attached Declaration of Christophe Rothpletz in Support of Debtors' Chapter 11 Petitions and First Day Motions, attached as **Exhibit A,** who is the President and authorized agent for Parusa Investment Corp. ("**Parusa**") and FICO Financial Corp. ("**FICO**") (collectively the "**Debtors**").

Dated: July 23, 2021.

Respectfully submitted,

/s/ Megan W. Murray
Scott A. Underwood
Florida Bar Number 0730041
Megan W. Murray
Florida Bar Number 0093922
Adam M. Gilbert
Florida Bar Number 1011637
UNDERWOOD MURRAY PA
100 N Tampa St. Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401
Email: sunderwood@underwoodmurray.com
mmurray@underwoodmurray.com

               agilbert@underwoodmurray.com
              *Proposed Counsel for the Debtors*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, on July 23, 2021, including the United States Trustee, who is registered to receive electronic notices in this case and via first class U.S. Mail to the United States Trustee at the below address.

United States Trustee
Timberlake Annex, Suite 1200
501 East Polk Street
Tampa, FL 33602

               /s/ Megan W. Murray
               Megan W. Murray, Esq.

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 |
| FICO FINANCIAL CORPORATION | Case No. 8:21-bk-03853 |
| PARUSA INVESTMENT CORPORATION | Case No. 8:21-bk-03854 |
| Debtors_____/ | *Joint Administration Pending* |

**DECLARATION OF CHRISTOPHE ROTHPLETZ**
**IN SUPPORT OF DEBTORS' CHAPTER 11 PETITIONS AND FIRST DAY MOTIONS**

**Under 28 U.S.C. § 1746, I declare the following:**

1.      My name is Christophe Rothpletz and I am the President and authorized agent for Parusa Investment Corp. ("**Parusa**") and FICO Financial Corp. ("**FICO**") (collectively the "**Debtors**").  Additionally, I am the President of RCC Vision, Inc., which is the sole owner of Parusa, which is the sole owner of FICO.

2.      I am familiar with the matters set forth herein and make this *Declaration of Christophe Rothpletz in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**Declaration**") and state as follows.  I am over the age of 18 and competent to testify to the matters set forth herein.

3.      On July 23, 2021, the Debtors each filed voluntary petitions for relief (the "**Petitions**") under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the Middle District of Florida.

4.      The Debtors operate out of Tampa, Florida, which is the Debtors' principal place of business and where many financial and operational decisions have been made and will be made

on behalf of the Debtors. Tampa is also the location of one of the Debtors' four commercial real estate properties.

5. The Debtors have requested joint administration for procedural purposes.

6. The Debtors intend to operate their businesses and manage their assets as debtors-in-possession as defined under the Bankruptcy Code.

7. To minimize the adverse effects of filing the Petitions, the Debtors prepared and filed, or intend to file, with the assistance of their proposed bankruptcy counsel, motions and applications as discussed herein, seeking "first day" relief (collectively the "**First Day Motions**"). Through the First Day Motions, the Debtors seek authority from the Court to allow the Debtors to fulfill their duties under the Bankruptcy Code and effectively reorganize.

**A.     Overview of the Debtors and Circumstances Necessitating the Filing of the Petitions.**

8. The Debtors are the owners of several commercial properties located throughout Florida, Georgia, and Texas. The properties are owned as follows:

   a. Parusa is the owner of the following commercial property:

      i. Commercial office building located at 801 State Highway 161, Grand Prairie, TX 75051. This property is 122,000 square feet, located on five acres. The building is nearly fully leased and also has cellular tenants providing additional rental revenue. There is no management company associated with this property, but Parusa pays an independent contractor to deal with occasional tenant issues.

      ii. Parusa also owns a 2.0537 acre vacant lot, adjacent to the above office building.

   b. FICO is the owner of the following commercial property:

      i.      Commercial office building located at 5850 W. Cypress Street, Tampa FL 33607. This property is a 40,000 square foot office building with its largest tenant as a defense contractor, and which will soon be outfitted with significant high-tech improvements in connection with a 10-year lease renewal.

      ii.     East Lake Shopping Center located at 2015-2039 State Highway 60 East, Lake Wales, FL, 33853. This property is a 45,000 square foot shopping center.

      iii.    Commercial office building located at 3300 Highlands Parkway, Smyrna, GA 30082. This property is a 65,000 square foot office property in an attractive area close to Atlanta, GA (collectively the properties listed above are referred to as the "**Properties**" and each individually a "**Property**").

9. FICO employs a management and/or leasing company in each of the respective cities above to assist with each of the three FICO owned properties.

10. The Debtors derive their revenue from operating the Properties and leasing office space to various commercial and governmental entities, and Parusa derives significant revenue from the rental of rooftop space to various telecommunications companies for the placement of cellular equipment.

11. The Debtors filed these chapter 11 cases to address the potential liability incurred by the jury verdict reached in Case No. 10-2346 (the "**State Court Case**" or "**Litigation**") in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida (the "**State Court**") filed against Parusa and Roland Rothpletz ("**R. Rothpletz**") by Xavier Bestenheider

("**Bestenheider**") and Sixta Financial, Inc. ("**Sixta**" and collectively with Bestenheider the "**Plaintiffs**"). The Litigation stemmed from an alleged 2003 transaction between Parusa and Jacky Bestenheider[1] for the purchase of Sixta and its assets.

12. After a 13-day jury trial, a jury determined that Parusa was liable to Bestenheider[2] in the amount of $5,565,785.50 for money lent and found R. Rothpletz was liable to Bestenheider in the amount of $500,000.00 for constructive fraud. After entry of the verdict, Parusa filed several post-trial motions, including a Motion for Remittitur, Motion for a New Trial; and a Motion for Judgment in Accordance with Motion for Directed Verdict, or Alternatively Motion for Judgment Notwithstanding the Verdict on June 18, 2021. And on June 22, 2021 the Plaintiffs filed their Motion for Entry of Final Judgment and Prejudgment Interest (collectively with the Motion for Remittitur, Motion for a New Trial; ,and Motion for Judgment in Accordance with Motion for Directed Verdict, or Alternatively Motion for Judgment Notwithstanding the Verdict the "**Post-Trial Motions**") seeking entry of a final judgment consistent with the jury verdict, and pre-judgment interest of $1,971,571.82 on account of the claim for money lent, and $639,762.60 on account of the constructive fraud claim. To the extent it is not successful in connection with the Post-Trial Motions, Parusa also intends to appeal the jury's verdict.

13. Although Parusa believes that its Post-Trial Motions and appeal, if necessary, will ultimately be successful, Parusa, along with FICO determined that the filing of the Petitions was necessary to address the potential liability of the jury verdict and ensure the value of its assets are maximized.

---

[1] Jacky Bestenheider is a former business partner of Roland Rothpletz ("**R. Rothpletz**") and father of Xavier Bestenheider

[2] Because the State Court determined that there was a merger between Parusa, Sixta, and related named entities Pinewood Investment Corporation and Positively Gourmet, Inc., no ruling was entered as to Sixta. Parusa and Rothpletz believe the State Court's "merger" ruling was in error.

4

14. I am intimately familiar with the Debtors and their Properties, and I believe that the chapter 11 bankruptcies of the Debtors are in the best interest of the estates to maximize value to all creditors and stakeholders.

15. I assisted in the preparation of and submit the attached 13-week projections for both Parusa and FICO, attached hereto as **Exhibit A** and **B** respectively, in support of the respective Debtors' First Day Motions and their ability to successfully reorganize in a timely and efficient manner.

16. Further, I am familiar with the First Day Motions and their exhibits as set forth below, I assisted in the preparation of these pleadings and exhibits, and affirm that they are valid and accurate to the best of my knowledge. If I become aware of any inaccuracies or needs for correction, I will notify the Court.

**B.    First Day Motions and Applications**

17. I am familiar with the content of the First Day Motions and, to the best of my knowledge after reasonable inquiry, believe that the relief sought in each First Day Motion: (i) is necessary to enable the Debtors to smoothly transition into Chapter 11 with minimal disruption; (ii) is critical to the Debtors' efforts to preserve their value and maximize creditor and stakeholder recoveries; and (iii) is in the best interest of the Debtors' estates. Further, it is my belief that the relief sought in the First Day Motions is tailored and necessary to achieve the goals of these cases.

   *I.    Application to Employ Scott A. Underwood and Underwood Murray, P.A.*

18. The Debtors are required to be represented by counsel in proceedings before this Court. Prior to the filing of the Petitions the Debtors engaged the services of Underwood Murray P.A. ("**Underwood Murray**") to assist the Debtors with the preparation and filing of the Petitions. I believe that Underwood Murray is well suited to assist the Debtors in navigating the bankruptcy

process and the Debtors require the assistance of counsel immediately to appear and be heard by the Court.

19. I believe that the Debtors' employment of Underwood Murray is in the best interests of the estates as it will allow for the Debtors to appear before this Court and be heard.

II. *Application to Employ Keen Summit Capital Partners, LLC*

20. The Debtors require the services of a real estate broker to market and sell the Properties, the proceeds of which are intended to fund distributions under the Debtors' forthcoming joint plan of reorganization. The Debtors have identified Keen Summit Capital Partners, LLC ("**Keen Summit**") as the real estate broker ("**Broker**") best suited to assist the Debtors with the marketing and sale of the Properties.

21. There exists an urgent need to employ a Broker so that the marketing of the Properties may begin and the Debtors can identify a potential purchaser for the Properties. The Broker is familiar with sales of this nature and has extensive experience facilitating sales through the bankruptcy process.

22. I believe that the Debtors' employment of Keen Summit is in the best interests of the estate, as the Debtors' joint plan of reorganization will be premised on a sale of some or all of the Properties.

III. *Application to Employ Link & Rockenbach, P.A. as Special Counsel to the Debtors*

23. Prior to the filing of the Petitions, the Debtors were engaged in the State Court Case, which culminated in a 13-day jury trial and a jury-trial verdict against Parusa and Roland Rothpletz (a final judgment has not yet been entered). The Debtors believe this award and other of the State Court's rulings were in error and intend to appeal these decisions. The Debtors seek to retain Link & Rockenbach, P.A. ("**L&R**") to prosecute these appeals on their behalf.

24. There exists an urgent need to employ L&R immediately to begin preparing an appellate brief on behalf of the Debtors. L&R, and specifically Ms. Kara Link-Rockenbach have significant experience this kind of litigation and have performed similar services in the past. They are well qualified to act as special counsel to the Debtors.

25. I believe that the employment of L&R is in the best interests of the Debtors' estates and their creditors.

IV.  *Motion to Maintain Bank Accounts*

26. The main source of revenue for the Debtors is the receipt of rental payments sent from the tenants of the various Properties. Any interruption of the Debtors' ability to timely collect rental payments would severely impair the Debtors' cash flow and imperil the Debtors' ability to reorganize their finances. If the Debtors are not permitted to maintain their existing bank accounts, there is a high likelihood that the Debtors will be unable to timely collect rental payments while new bank accounts are established and the information is transmitted to the tenants.

27. Therefore, there exists an urgent need to permit the Debtors to maintain their pre-petition bank accounts to ensure a seamless transition of the Debtors' operations into bankruptcy.

28. I believe that the Motion to Maintain Bank Accounts is in the best interests of the Debtors' estates and their creditors.

V.  *Motion to Determine Adequate Assurance for Payment of Utilities*

29. As stated above, the Debtors main source of revenue is the rental of commercial office space at the Properties. As the landowners for the Properties, the Debtors are responsible for obtaining gas, water, sewer, phone, internet, garbage removal, and other similar services (collectively the "**Utility Services**"). Should there be even a brief interruption of the Utility

Services at any of the Properties, the impact on the Debtors' operations would be catastrophic. Ensuring that the Utility Services continue uninterrupted is therefore critical.

30. I believe that the Motion to Determine Adequate Assurance for Payment of Utilities is in the best interest of the Debtors' estate and their creditors.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on** July 23, 2021.

Respectfully submitted,

/s/ _____
Christophe Rothpletz
President of Parusa Investment Corp.

/s/ _____
Christophe Rothpletz
President of FICO Financial Corp.

# EXHIBIT A

**Parusa Investment Corporation**
**13 Week Budget Detail**

|  | | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Starting Cash | 95,134 | | | | | | | | | | | | | | |
| Income | | | | | | | | | | | | | | | |
| Rental Income | | - | - | 155,000 | - | - | - | 155,000 | - | - | - | 155,000 | - | - | 465,000 |
| Cash | | 95,134 | 68,980 | 42,826 | 171,672 | 145,518 | 119,365 | 93,211 | 222,057 | 195,903 | 169,749 | 143,595 | 272,441 | 246,288 | |
| Available Income | | 95,134 | 68,980 | 197,826 | 171,672 | 145,518 | 119,365 | 248,211 | 222,057 | 195,903 | 169,749 | 298,595 | 272,441 | 246,288 | |
| Expenses | | | | | | | | | | | | | | | |
| Maintenance | | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 1,215 | 15,800 |
| Management Fees | | 554 | 554 | 554 | 554 | 554 | 554 | 554 | 554 | 554 | 554 | 554 | 554 | 554 | 7,200 |
| Janitorial | | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 28,000 |
| Insurance | | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 5,769 | 75,000 |
| Telephone | | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 1,500 |
| Repairs | | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 3,346 | 43,500 |
| Utilities | | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 5,308 | 69,000 |
| Legal Fees | | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 7,692 | 100,000 |
| Total Expenses | | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 26,154 | 340,000 |
| **Available Funds** | | 68,980 | 42,826 | 171,672 | 145,518 | 119,365 | 93,211 | 222,057 | 195,903 | 169,749 | 143,595 | 272,441 | 246,288 | 220,134 | |

# **EXHIBIT B**

**Fico Financial Corporation**
**13 Week Budget Detail**

| | | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Starting Cash | 248,634 | | | | | | | | | | | | | | |
| Income | | | | | | | | | | | | | | | |
| Interest Income | | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 10 |
| Rental Income | | - | - | 146,667 | - | - | - | 146,667 | - | - | - | 146,667 | - | - | 440,000 |
| Cash | | 248,634 | 237,942 | 227,251 | 363,227 | 352,536 | 341,844 | 331,153 | 467,129 | 456,437 | 445,746 | 435,055 | 571,030 | 560,339 | |
| Available Income | | 248,635 | 237,943 | 373,919 | 363,228 | 352,537 | 341,845 | 477,821 | 467,130 | 456,438 | 445,747 | 581,723 | 571,031 | 560,340 | |
| | | | | | | | | | | | | | | | - |
| Expenses | | | | | | | | | | | | | | | |
| Maintenance | | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 1,692 | 22,000 |
| Management Fees | | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 1,231 | 16,000 |
| Janitorial | | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 1,577 | 20,500 |
| Telephone | | 154 | 154 | 154 | 154 | 154 | 154 | 154 | 154 | 154 | 154 | 154 | 154 | 154 | 2,000 |
| Repairs | | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 1,500 |
| Utilities | | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 58,500 |
| Sales Tax | | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 1,154 | 15,000 |
| State Tax | | 269 | 269 | 269 | 269 | 269 | 269 | 269 | 269 | 269 | 269 | 269 | 269 | 269 | 3,500 |
| Total Expenses | | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 10,692 | 139,000 |
| **Available Funds** | | 237,942 | 227,251 | 363,227 | 352,536 | 341,844 | 331,153 | 467,129 | 456,437 | 445,746 | 435,055 | 571,030 | 560,339 | 549,648 | |